## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHAWLONDA HALLBACK,

    *Plaintiff,*

v.

CARRINGTON MORTGAGE
SERVICES, LLC

    *Defendant.*

Civil Action No. 8:21-cv-01028-WFJ-SPF

## DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Carrington Mortgage Services, LLC ("Carrington") hereby serves its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint") and states as follows:

## JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted that Plaintiff purports to claim violations of the FCRA, RESPA, TILA, FCCPA, breach of contract and breach of the duty of good faith and fair dealing, but denies that Carrington violated such statutes or breached the parties' contracts.

3. Denied.

4. Carrington is without knowledge or sufficient information to admit or deny the allegations concerning Plaintiff's residence or the locations of the acts or transactions alleged in the Complaint.

5. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 5.

6. Admitted.

7. Denied.

8. Denied.

## FACTUAL ALLEGATIONS

9. Admitted.

10. Admitted.

11. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 11.

12. Carrington is without knowledge or sufficient information to admit or deny the allegations and legal conclusions in paragraph 12.

13. Admitted.

14. Denied as stated. Pursuant to the terms of the promissory note and amortization schedule, the initial principal and interest payment was $954.36.

15. Denied.

16. Admitted that the mortgage statement referenced contained a principal balance of $189,627.63.

17. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 17.

18. Denied. The unpaid principal balance referenced in the Loan Modification Agreement is $203,374.45.

19. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 19.

20. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 20.

21. Admitted that Carrington's letter dated July 16, 2021 states the original principal balance is $202,952.00 and the current principal balance is $198,644.58.

22. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 22.

23. Denied.

24. Denied.

25. Denied as stated.

26. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 26.

27. Carrington admits that it sent a Notice of Sale of Ownership of Mortgage Loan letter to Plaintiff on February 3, 2021. Carrington denies the remaining allegations in paragraph 27.

28. Carrington admits that it sent a Notice of Sale of Ownership of Mortgage Loan letter to Plaintiff on March 16, 2021. Carrington denies the remaining allegations in paragraph 28.

29. Carrington admits that it sent a Notice of Sale of Ownership of Mortgage Loan letter to Plaintiff on March 18, 2021. Carrington denies the remaining allegations in paragraph 29.

30. Denied.

31. Denied.

32. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 32.

33. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 33.

34. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 34.

35. Denied.

36. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 36.

37. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 37.

## EVIDENCE OF PATTERN OR PRACTICE OF RESPA VIOLATIONS BY CARRINGTON

38. Plaintiff cites 12 U.S.C. 2605(f)(1)(A), which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

39. Denied.

40. Denied.

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41. Plaintiff cites the FCCPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

42. Plaintiff cites the FCCPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

43. Plaintiff cites the FCCPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

## COUNT I: Breach of Contract

44. Carrington realleges and incorporates its responses to paragraphs 1 through 37 above.

45. Admit that the Mortgage (Exhibit A) and the Loan Modification Agreement (Exhibit B) are valid contracts. Denied that Carrington breached the terms of the Mortgage or Loan Modification Agreement.

46. Carrington admits that it is the current holder of the Mortgage and Loan Modification Agreement.

47. Admitted.

48. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 48.

49. Denied as stated.

50. Denied.

51. Denied.

52. Denied as stated regarding compliance with Paragraph 20 of the Mortgage and denied that Plaintiff complied with all conditions precedent.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

## **COUNT II: Breach of Duty of Good Faith and Fair Dealing**

58. Carrington realleges and incorporates its responses to paragraphs 1 through 37 and 45-57 above.

59. Carrington is without knowledge or sufficient information to admit or deny the allegations and legal conclusions in paragraph 59.

60. Carrington is without knowledge or sufficient information to admit or deny the allegations and legal conclusions in paragraph 60.

61. Carrington is without knowledge or sufficient information to admit or deny the allegations and legal conclusions in paragraph 61.

62. Denied.

63. Denied.

64. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

### COUNT III: RESPA Violation of 12 C.F.R. 1024.35(e)(1)

65. Carrington realleges and incorporates its responses to paragraphs 1 through 11, 13-21, and 37-40 above.

66. Plaintiff cites RESPA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

67. Plaintiff cites RESPA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

68. Carrington admits that it received correspondence and disputes from Plaintiff concerning the Mortgage, but denied to the extent Plaintiff categorizes the correspondence as a Qualified Written Request or Notice of Error under RESPA or in compliance with conditions precedent required under the Mortgage.

69. Carrington admits that it received correspondence and disputes from Plaintiff concerning the Mortgage, but denied to the extent Plaintiff categorized the correspondence as a Qualified Written Request or Notice of Error under RESPA or in compliance with conditions precedent required under the Mortgage.

70. Plaintiff cites RESPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

71. Plaintiff cites RESPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

72. Plaintiff cites RESPA and various case law, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute and case law.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

### COUNT IV: FCCPA Violations

77. Carrington realleges and incorporates its responses to paragraphs 1 through 16, 18, 24-25, 31, 37 and 41-43 above.

78. Denied.

79. Denied.

80. Plaintiff cites the FCCPA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

## **COUNT V: FCRA Violation**

87. Carrington realleges and incorporates its responses to paragraphs 1 through 21, 23, 32 and 37 above.

88. Plaintiff cites the FCRA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

89. Plaintiff cites the FCRA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

90. Plaintiff cites the FCRA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

91. Plaintiff cites the FCRA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

92. Denied.

93. Admit that Carrington is a furnisher of information to the credit reporting agencies, but denies any violation of the FCRA herein.

94. Admit that Carrington is a furnisher of information to the credit reporting agencies, but denies any violation of the FCRA herein.

95. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 95.

96. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 96.

97. Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 97.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

## COUNT VI: FDUTPA Violation

104. Carrington realleges and incorporates its responses to paragraphs 1 through 16, 18, 24-25, 31, 37, 41-43 and 78-86 above.

105. Admit that Plaintiff executed a Mortgage in favor of Carrington. Otherwise, Carrington is without knowledge or sufficient information to admit or deny the allegations contained in paragraph 105.

106. Admit that Plaintiff executed a Loan Modification Agreement in favor of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Carrington.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

### COUNT VII: TILA Violation

111. Carrington realleges and incorporates its responses to paragraphs 1 through 13, 33 and 37 above.[1]

112. Plaintiff cites the TILA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

113. Plaintiff cites the TILA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

114. Carrington is without knowledge or sufficient information to admit or deny the allegations in paragraph 114.

115. Carrington is without knowledge or sufficient information to admit or deny the allegations in paragraph 115.

116. Carrington is without knowledge or sufficient information to admit or deny the allegations in paragraph 116.

---

[1] Carrington responds to the improperly numbered paragraphs 108-118 in sequential order from 111 to 121.

117. Carrington is without knowledge or sufficient information to admit or deny the allegations in paragraph 117.

118. Plaintiff cites the TILA, which speaks for itself. Carrington denies any allegations inconsistent with the cited statute.

119. Denied.

120. Denied.

121. Denied.

Carrington denies Plaintiff's WHEREFORE clause, requests this Court enter a judgment in its favor, and demands reasonable attorney's fees and costs.

## TRIAL BY JURY

Carrington denies Plaintiff is entitled to a jury trial pursuant to the Jury Trial Waiver in Paragraph 25 of the Mortgage (Exhibit A to Complaint).

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

The Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Carrington and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Carrington.

### SECOND DEFENSE

Plaintiff's FCRA claim fails to state a cause of action because Carrington's credit reporting was accurate.

**THIRD DEFENSE**

Plaintiff's FCRA claim fails to state a cause of action because the Complaint fails to allege that the credit reporting agencies notified Carrington of the alleged disputes. An essential element of a FCRA investigation claim against a furnisher is that the furnisher was notified of the dispute. *See* 15 U.S.C. 1681s-2(b)(1); *Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 861 (11th Cir. 2013). Failure to allege this element is fatal to the claim.

**FOURTH DEFENSE**

The FCRA preempts Plaintiff's state law claims of breach of contract and breach of duty of good faith and fair dealing because they are predicated on Carrington's alleged "reporting of the debt to the credit reporting agencies as 'late' when Plaintiff's loan was in forbearance." *See* Compl. ¶¶ 50, 61.

**FIFTH DEFENSE**

Plaintiff's Complaint is barred by the statute of limitations.

**SIXTH DEFENSE**

Plaintiff's damages, if any, were due in whole or in part to the acts or omissions of Plaintiff or other third persons (Experian, Equifax, etc.) over which Carrington has no control and for which Carrington is not liable. See *Williams v. LVNV Funding, LLC*, 2017 WL 1331014, Case No. 4: 15-cv-2219-KOB (N.D. Ala. Apr. 11, 2017) (holding that the one satisfaction rule applies to FCRA claims).

**SEVENTH DEFENSE**

Plaintiff's Complaint fails to state a cause of action because it is predicated on Plaintiff's assertion that there are discrepancies with Carrington's records. See *Bleich v.*

*Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496 (E.D.N.Y. 2002) (holding that "the allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt.").

**EIGHTH DEFENSE**

Florida's Federal and State courts have repeatedly found that neither loan servicing or debt collection qualify as "trade or commerce" under FDUTPA. *See Baker v. Baptist Hosp., Inc.*, 115 So.3d 1123, 1125 (Fla. 1st DCA 2013) (pursuit of legal remedies, e.g., assertion of liens and demand letters, does not fall within the definition of "trade or commerce"); *Benjamin v. CitiMortgage, Inc.*, No. 12-62291-CIV, 2013 WL 1891284, at *5 (S.D. Fla. May 6, 2013) (loan servicing does not constitute "trade or commerce" for FDUTPA purposes); *Acosta v. James A. Gustino, P.A.*, No. 6:11-CV-1266-ORL-31GJK, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) (defendants "were not engaged in 'trade or commerce' when they sent demand letters and otherwise engaged in their debt collection efforts"); *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1322 (S. D. Fla. 2012) ("Nationwide's debt collection activities do not give rise to a FDUTPA claim"); *State, Office of Att'y Gen. v. Shapiro & Fishman, LLP*, 59 So. 3d 353 (Fla. 4th DCA 2011) (holding that allegations of fabricating false documents or presenting false or misleading documents for use in foreclosures cases were not "trade or commerce" in the FDUTPA context); *Alhassid v. Bank of Am., N.A.*, 2014 WL 6480656, at *17 (S.D. Fla. Nov. 17, 2014) (where allegations involve loan collection activities, even if those activities were improper, the FDUTPA would not apply); *Cornette v. I.C. Systems, Inc.*, 280 F. Supp.

3d 1362 (S.D. Fla. 2017). As such, Plaintiff's FDUTPA claim should be dismissed for failure to state a cause of action against Carrington.

**NINTH DEFENSE**

Plaintiff's claims against Carrington are barred, in whole or in part, by the doctrines of recoupment and/or set-off. Carrington is further entitled to set-off for any amounts due and owing under the loan that exceed Plaintiff's alleged damages.

**TENTH DEFENSE**

Plaintiff's claims against Carrington are barred for failure to comply with Paragraph 20 of the Mortgage and all conditions precedent required thereunder.

WHEREFORE, having answered in its entirety the Complaint, Carrington Mortgage Services, LLC, respectfully requests judgment in its favor and against Plaintiff, that all costs be cast against Plaintiff, and that Carrington be awarded its reasonable attorneys' fees, expenses, and costs, against Plaintiff and her attorney, as well as any other relief to which he is entitled at law or in equity as this Court deems just and proper.

Respectfully submitted, **HOLLAND & KNIGHT LLP**

By: */s/ Daniel Pasky*
Daniel Pasky, Esq.
Florida Bar No. 56727
Carter Burgess, Esq.
Florida Bar No. 58298
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 798-5458 (telephone)
(904) 358-1872 (facsimile)
Primary E-mail: carter.burgess@hklaw.com
Secondary E-mail: daniel.pasky@hklaw.com

*Attorneys for Defendant Carrington Mortgage Services, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of June 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Daniel Pasky*
Daniel Pasky