UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWLONDA HALLBACK,

    Plaintiff,

v.                                    Case No. 8:21-cv-01028-WFJ-SPF

CARRINGTON MORTGAGE SERVICES,
LLC

    Defendants.
_____/

**REPLY TO AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

    COMES NOW Plaintiff, Shawlonda Hallback ("Hallback" or "Plaintiff"), by and through the undersigned counsel, and hereby files this Reply to and Motion to Strike the Affirmative Defenses of Defendant, Carrington Mortgage Services, LLC, and in support thereof, states as follows:

    1.    Defendant has pled ten (10) Affirmative Defenses in response to the claims raised by Plaintiff's Amended Complaint.

    2.    Plaintiff denies all of Defendant's Affirmative Defenses and demands strict proof thereof.

    3.    Defendant's Affirmative Defenses contain boilerplate conclusions of law and blanket allegations, but Defendant does not supply adequate facts to support its statements. It is well established in the federal rules of civil procedures that an affirmative defense must clearly and concisely set out the essential facts and not aver merely legal conclusions.

    4.    An affirmative defense is one that admits the cause of action asserted in the initial pleading but avoids liability wholly or partly, by allegations of excuse, justification or other matter negating the cause. *Janet Hawthorne Burnett v. Michael and Kimberly J. Hawtorne*, 2009 WL

4972228 (M.D. Fla.).

5. Without the requisite facts to support an affirmative defense, Plaintiff must guess at the basis for such defense and ultimately has no idea what to defend against. While an answer "need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations." If the affirmative defense comprises no more than "bare bones conclusory allegations, it must be stricken. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002)

6. Affirmative Defenses must comply with the pleading requirements of Fed. R. Civ. P. 8(a), that is, contain "a short and plain statement" of the asserted defense. "The defendant must allege some additional facts supporting the affirmative defense." *Boldstar Techinical, LLC v. Home Depot, Inc.,* 517 F. Supp.2d 1283, 1291 (S.D.FLA 2007).

7. Defendant's Affirmative Defenses are insufficient as a matter of law as they are not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact.

**REPLY TO FIRST AFFIRMATIVE DEFENSE:
INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS**

8. With respect to Defendant CARRINGTON MORTGAGE SERVICES, LLC's first affirmative defense, which related to failure to state a claim, the Defendant asserts that "the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Defendant." This is not an affirmative defense as it is insufficient to merely recite bare legal conclusions.

9. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact and without alleging the elements to this defense and setting forth any facts to support it.

### REPLY TO SECOND AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

10. Defendant, Carrington Mortgage Services, LLC, merely states that Plaintiff has failed to state a cause of action for her FCRA claim because Defendant's "credit reporting was accurate", without alleging any elements or setting forth any facts to support its defenses. When furnishers such as Defendant provide information to a credit reporting agency, it has obligations under the FCRA to ensure the accuracy of the information it furnishes, and Defendant fails to allege any investigation into the disputes by Plaintiff. An affirmative defense must also follow the general pleading standard of Fed. R. Civ. P.8(a), which requires a "short and plain statement" of the asserted defense. *Christie v. Royal Caribbean Cruises, Ltd.*, 497 F. Supp. 3d 1227 (S.D. Fla. 2020).

11. Therefore, this affirmative defense is insufficient as a matter of law, as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

### REPLY TO THIRD AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

12. Defendant, Carrington Mortgage Services, LLC merely states that Plaintiff has failed to state a cause of action because the Complaint fails to allege that the credit reporting

agencies notified Defendant of the alleged disputes. Complaints can be made directly to the furnisher, a credit reporting agency, or Consumer Financial Protection Bureau (the "CFPB"), who then notifies the furnisher of a complaint launched. It is part of the complaint process of FCRA to review and route a complaint received to the furnisher. Plaintiff filed her complaints with FCRA, therefore, Defendant was notified of the disputes by Plaintiff.

13. Furthermore, Defendant fails to allege it was not notified by the credit reporting agencies.

14. Therefore, this affirmative defense is insufficient as a matter of law as they are not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

### REPLY TO FOURTH AFFIRMATIVE DEFENSE:
### FCRA DOES NOT PREEMPT STATE LAW CLAIMS

15. Defendant, Carrington Mortgage Services, LLC, states Plaintiff's state law claims of breach of contract and breach of duty of good faith and fair dealing are preempted by FCRA because they are predicated on Defendant's alleged "reporting of the debt to the credit reporting agencies as "late" when Plaintiff's loan was in forbearance."

16. Plaintiff's state law claims of breach of contract and breach of duty of good faith and fair dealing are not preempted by FCRA, because Plaintiff's state claims are based on payments that Defendant did not apply and payments that were not due, which are not the claims asserted under Plaintiff's FCRA claim.

17. Further, Section 1681s-2 does not address a furnisher's duty to accept payment and, would not preempt claims under state law pertaining to these claims.

## REPLY TO FIFTH AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

18. Defendant states Plaintiff's Complaint is barred by the statute of limitations without fact or a set of facts. Defendant merely states a conclusion of law unsupported by any allegation as to which claim or which statute of limitation Defendant alleges applies to all of Plaintiff's claims.

19. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

## REPLY TO SIXTH AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

20. Defendant states, "Plaintiff's damages, if any, were due in whole or in part to the acts or omissions of Plaintiff or other third persons…," which Defendant has no control and for which Defendant is not liable.

21. The One-Satisfaction Rule is the principle that Plaintiff should only recover once for a particular injury. Thus, if the jury awards multiple remedies for a single harm, the plaintiff will have to choose only one remedy.

22. If, which is unknown at this juncture, this rule may apply in Plaintiff's case, it is premature for Defendant to assert this defense as Plaintiff has not yet been awarded multiple remedies. Further, Defendant fails to assert any facts to support its assertion.

23. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of

ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

### REPLY TO SEVENTH AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

24. Defendant states Plaintiff's Complaint fails to state a cause of action "because it is predicated on Plaintiff's assertion that there are discrepancies with Carrington's records".

25. Plaintiff's Complaint does not dispute the validity of the debt. Instead, Plaintiff alleges that the debt is inaccurate and the methods or practices by Defendant in reporting and collecting said debt violate consumer protection laws (RESPA, FCCPA, FCAR, etc…).

26. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

### REPLY TO EIGTH AFFIRMATIVE DEFENSE:
### INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS

27. Defendant claims that neither loan servicing nor debt collection qualify as "trade or commerce" under FDUPTA. Defendant cites cases where assertion of liens and demand letters, presenting false or misleading documents for use in foreclosures cases, and collection activities do not qualify as "trade or commerce."

28. First, FDUPTA defines "trade or commerce" to include advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity or thing of value, wherever situated. Fla. Stat. Ann. § 501.203(8). This is not a particularly difficult threshold to

meet; as long as a consumer transaction occurs, an individual is afforded protection under FDUTPA.

29. Secondly, Defendant actively advertises, solicits, and provides direct mortgage loans which constitute a commodity or thing of value under FDUTPA. Actions under FDUTPA which authorize a private cause of action to recover actual damages plus attorney's fees and court costs for FDUTPA violation,

30. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

**REPLY TO NINETH AFFIRMATIVE DEFENSE:
INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS**

31. Defendant states Plaintiff's claims against Defendant "are barred, in whole or in part, by the doctrines of recoupment and/or set-off" and that Defendant is further entitled to set-off for any amounts due and owing under the loan that exceed Plaintiff's alleged damages without alleging any fact or a set of facts showing a set-off would be appropriate.

32. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

**REPLY TO TENTH AFFIRMATIVE DEFENSE:
INSUFFICIENT, RECITING BARE LEGAL CONCLUSIONS**

33. Defendant states Plaintiff's claims against Defendant are barred for failure to

comply with Paragraph 20 of the Mortgage and all conditions precedent required thereunder, without alleging any fact or set of facts to support its allegations.

34. Further, Plaintiff alleges in paragraph 52 that she complied with the conditions precedent required under paragraph 20 of the mortgage.

35. Therefore, this affirmative defense is insufficient as a matter of law as it is not properly pled pursuant to the Federal Rules of Civil Procedure, because in attempting to assert affirmative defenses, Defendant pled conclusions of law unsupported by adequate allegations of ultimate fact without alleging the elements to this defense and setting forth any facts to support it.

**WHEREFORE**, Plaintiff requests that the Court enter an order striking all of Defendant's Affirmative Defenses and award Plaintiff such other relief as the Court deems just and proper under the circumstances

Respectfully submitted,

Lake Law Firm, P.A.
475 Central Avenue, Ste. 402
St. Petersburg, Florida 33701
(727) 592-1812/Fax (727) 683-9837
*Attorney for Plaintiff*
Primary: smlake@lakelawfirmpa.com
Secondary: service@lakelawfirmpa.com

By: */s/ Sheila M. Lake*
    Sheila M. Lake, Esq.
    FBN 1009133

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by Electronic Service through the E-Filing Portal this 5th day of July 2022, to the following (as well as any others listed in the e-filing portal):

Daniel Pasky, Esq.
Holland & Knight, LLP
50 N. Laura Street, Ste. 3900
Jacksonville, FL 32202
904-798-5458/904-358-1872 fax
carter.burgess@hklaw.com
daniel.pasky@hklaw.com
*Attorneys for Defendant*

/s/ *Sheila M. Lake*
**Sheila M. Lake, Esq.**