# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAWLONDA HALLBACK,

    Plaintiff,

v.                                             Case No: 8:21-cv-1028-WFJ-SPF

CARRINGTON MORTGAGE
SERVICES, LLC,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Plaintiff Shawlonda Hallback's Motion to Strike Defendant's Affirmative Defenses, Dkt. 29. Defendant Carrington Mortgage Services, LLC, did not file a response in opposition, and the time to do so has passed. *See* Local Rule 3.01(b), M.D. Fla (a party opposing a motion must file a response within fourteen days of service). Accordingly, the Court may consider the motion unopposed. Upon careful consideration, the Court denies Plaintiff's motion.

## BACKGROUND

    This case concerns a mortgage loan and subsequent loan modification agreement that Plaintiff executed in favor of Defendant for the refinancing of her home. Dkt. 27 at 3. Following this Court's dismissal of Plaintiff's Amended

Complaint, Plaintiff filed her Second Amended Complaint against Defendant on June 1, 2022. Dkt. 27. Plaintiff's Second Amended Complaint alleges the following seven claims against Defendant: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) a violation of the regulation implementing the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024 *et seq.*; (4) a violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*; (5) a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (6) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*; and (7) a violation of the regulation implementing the Truth in Lending Act ("TILA"), 12 C.F.R. § 1026 *et seq*.

Defendant thereafter filed its Answer and ten affirmative defenses. Dkt. 28. In its first, second, third, seventh, and eighth affirmative defenses, Defendant contends that the Second Amended Complaint fails to state a cause of action. *Id.* at 12−15. In Defendant's fourth affirmative defense, Defendant asserts that Plaintiff's state law contract claims are preempted by the FCRA. *Id.* at 13. Defendant's fifth affirmative defense alleges that Plaintiff's claims are time-barred. *Id.* Defendant's sixth affirmative defense posits that Plaintiff's damages, if any, resulted from the acts or omissions of Plaintiff or third parties, such as Experian or Equifax. *Id.* Turning to Defendant's ninth affirmative defense, Defendant avers that Plaintiff's

claims are barred by the doctrines of recoupment and/or set-off based on the money Plaintiff owes Defendant on her mortgage loan. *Id.* at 15. Finally, Defendant's tenth affirmative defense asserts that Plaintiff's claims are barred due to Plaintiff's failure to comply with Paragraph 20 of her mortgage loan. *Id.*

Plaintiff now moves to strike each of Defendant's affirmative defenses. Dkt. 29.

## LEGAL STANDARD

An affirmative defense must be pled in accordance with Federal Rule of Civil Procedure 8(b), which requires a party to state its defenses in short and plain terms. Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." A defendant's affirmative defense is insufficient as a matter of law only where that defendant cannot succeed under any set of facts that it could prove. *PNC Bank, N.A. v. Fam. Internal Med., P.A.*, No. 6:13-cv-1973-Orl-31TBS, 2014 WL 12618714, at *2 (M.D. Fla. May 22, 2014) (citation omitted).

Motions to strike affirmative defenses are disfavored and infrequently granted, even when "technically appropriate and well-founded[.]" *Harvey v. Lake Buena Vista Resort, LLC*, 586 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008). To prevail on a motion to strike, a plaintiff must establish that the allegations are prejudicial and "so unrelated to [the] plaintiff's claims as to be unworthy of any

3

consideration[.]" *Id.*; *see also PNC Bank, N.A. v. Haghighi Fam. & Sports Med., P.A.*, No. 3:16-cv-1226-J-32MCR, 2017 WL 7311870, at *2 (M.D. Fla. June 2, 2017) (collecting cases). Such motions cannot be used to decide disputed questions of fact or law that are better left for resolution after factual development. *Haghighi*, 2017 WL 7311870, at *2 (citations omitted).

## ANALYSIS

In her Motion to Strike, Plaintiff asserts that Defendant's first, second, third, fifth, sixth, seventh, eighth, ninth, and tenth affirmative defenses are conclusory and unsupported by adequate factual allegations. Dkt. 29 at 2−9. As for Defendant's fourth affirmative defense, Plaintiff contends that the FCRA does not preempt her claims for breach of contract and breach of the duty of good faith and fair dealing. *Id.* at 4. Accordingly, Plaintiff claims that each of Defendant's affirmative defenses is insufficient as a matter of law and must be stricken. *Id.* at 2, 8. The Court disagrees.

The Court begins its analysis by noting that several of Defendant's affirmative defenses are not affirmative defenses at all. An affirmative defense is "[a]ny matter that does not tend to controvert the opposing party's prima facie case as determined by the application of substantive law." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (quoting 2A J. Moore, Moore's Federal Practice ¶ 8.27[3] (2d ed. 1985)). In its first, second, third, seventh, and eighth

4

affirmative defenses, Defendant asserts that Plaintiff fails to state causes of action. Dkt. 28 at 12−15. These defenses controvert Plaintiff's prima facie case. When dealing with mislabeled negative averments, the proper remedy is not to strike those claims but to treat them as denials. *Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-Orl-28TBS, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015) (citations omitted). Plaintiff's Motion to Strike is therefore denied as to Defendant's denials mislabeled as its first, second, third, seventh, and eighth affirmative defenses.

Next, while Plaintiff contends that Defendant's fifth, sixth, ninth, and tenth affirmative defenses are conclusory allegations unsupported by sufficient facts, Plaintiff has not demonstrated any prejudice that would warrant striking these defenses. The Court finds that Defendant has given Plaintiff fair notice of the nature of these four affirmative defenses and the grounds upon which they rest. *See Landon v. City of N. Port*, No. 8:15-cv-2272-CEH-JSS, 2016 WL 164633, at *2 (M.D. Fla. Jan. 14, 2016). Any additional facts relating to these defenses "can be easily ferreted out during discovery." *Traderplanet.com, LLC v. Found. for the Study of Cycles, Inc.*, No. 8:13-cv-3120-T-30TBM, 2014 WL 12629823, at *2 (M.D. Fla. May 22, 2014). For these reasons, Plaintiff's Motion to Strike Defendant's fifth, sixth, ninth, and tenth affirmative defenses is denied.

Lastly, though Plaintiff moves this Court to strike Defendant's fourth affirmative defense as an incorrect assertion of preemption, ordinary preemption

may be raised as an affirmative defense to a state law claim. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 n.8 (11th Cir. 2004) (citation omitted). Given that ordinary preemption is a question of law that does not require factual support, the Court denies Plaintiff's Motion to Strike Defendant's fourth affirmative defense.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Strike Defendant's Affirmative Defenses, Dkt. 29.

**DONE AND ORDERED** at Tampa, Florida, on July 20, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record